IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  | |
|---|---|---|---|
| RODERICK F. BAILEY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. 09-349 | |
| | ) | Judge Lancaster | |
| U. S. MARSHALS SERVICE, and | ) | Magistrate Judge Bissoon | |
| MR. RUSTIC, Warden, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss or, in the Alternative, for Summary Judgment filed by the United States Marshals Service (Doc. 17) be granted.

### II. REPORT

Plaintiff Roderick Bailey has filed a complaint seeking damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for injuries he sustained while being held as a federal detainee at the Allegheny County Jail ("Jail").  He sues the United States Marshals Service ("U. S. Marshals Service") and the warden of the Jail.  The U. S. Marshals Service has moved to dismiss or, in the alternative, for summary judgment (Doc. 17), asserting, *inter alia*, that Plaintiff has not named the United States as a party as he must under the FTCA, and for the additional reason that the United States is not liable for Plaintiff's injuries in any event because the Jail was acting as a independent contractor *vis-à-vis* the United States.

Plaintiff requested leave to file an amended complaint (Docs. 20) and was directed to so on or before December 30, 2009.  When Plaintiff did not file an amended complaint, he was

again directed to do so, or to respond to the motion to dismiss, on or before February 12, 2010 (Doc. 21). On February 17, 2010, Plaintiff filed another motion to amend his complaint (Doc. 22), but did not attach thereto a proposed amended complaint. Plaintiff also filed a "Motion to Address Issues of Defendant Negligence" (Doc. 23). It is apparent from a review of these pleadings that Plaintiff does not have any substantive amendments to make to his complaint. Instead, Plaintiff is raising arguments in opposition to the motion to dismiss. Therefore, the Court will consider the "motion" filed by Plaintiff (Doc. 23) as a response to the pending motion to dismiss.

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court has a duty to read Plaintiff's *pro se* complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, a complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

Also, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); see also Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).

B. <u>Analysis</u>

1. **Proper party under the FTCA**

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). Therefore, Plaintiff's claim made against the U. S. Marshals Service must be dismissed. The court must now consider whether to permit a curative amendment.

2. **Independent contractor**

Plaintiff has twice sought leave to amend his complaint, but has failed to do so. A liberal reading of Plaintiff's complaint would permit the conclusion that Plaintiff is attempting to sue the proper party under the FTCA, but simply has failed to name the United States as a party. The Court will presume that Plaintiff wishes to name the United States as a party. However, the Court finds that permitting such an amendment would be futile in this case.

While the FTCA waives the United States' sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission [of any] of [its] employee [s] . . . while acting within the scope of his office or employment," its definition of "employee" specifically excludes "any contractor with the United States." <u>See</u> 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671. The Supreme Court has interpreted this provision to expressly preclude the United States from being held liable for the negligence of its independent contractors. <u>United States v. Orleans</u>, 425 U.S. 807, 814 (1976); <u>Logue v. United States</u>, 412 U.S. 521, 528 (1973). <u>See</u> also, <u>Roditis v. United States</u>, 122 F.3d 108, 111 (2d Cir. 1997); <u>Dyer v. United States</u>, 96 F.Supp.2d 725, 732 (E.D. Tenn. 2000). Because a claim against the government for the negligence of its independent contractors "falls outside the FTCA's provisions, the claim is

barred by the Government's sovereign immunity."  Berghoff v. United States, 737 F.Supp. 199, 201 (S.D. N.Y. 1989).

In this case, Plaintiff's injury occurred on April 11, 2007, during an altercation with another inmate while he was being held at the Allegheny County Jail ("Jail").  The U. S. Marshals Service has moved in the alternative for summary judgment and has provided a copy of the "Intergovernmental Services Agreement" between the Jail and the U. S. Marshals Service (Doc. 17-4).  The agreement provides certain standards that must be met by the Jail, but clearly does not provide the Marshals Service with the ability to control the day-to-day operations of the Jail.  This is crucial because the distinction between a federal employee and an independent contractor for the purposes of the FTCA is whether the federal government has the power "to control the detailed physical performance of the contractor."  Orleans, supra, 425 U.S. at 814 (citing Logue, 412 U.S. at 528).  Simply put, the United States is not liable for a contractor's negligence unless it supervises the contractor's "day-to-day operations."  Logue, 412 U.S. at 529.

In light of the agreement between the U. S. Marshals Service and the Jail, and Plaintiff's failure to contest the contents of that agreement, any attempt by Plaintiff to amend his FTCA claim to name the proper party (i.e., the United States) would be futile.  Therefore, Plaintiff should be not be granted any further opportunity to amend his complaint to cure his pleading deficiency, and summary judgment for the U. S. Marshals Service is also appropriate on the same basis.

### III. CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the Motion to Dismiss or, in the Alternative, for Summary Judgment filed by the United States Marshals Service (Doc. 17) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 28, 2010.

April 14, 2010							s/Cathy Bissoon
								Cathy Bissoon
								United States Magistrate Judge

cc:
**Roderick F. Bailey**
08934-068
FCI Elkton
Post Office Box 10
Lisbon, OH 44432