# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODERICK F. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-349 |
| ) | Judge Lancaster |
| U. S. MARSHALS SERVICE, and ) | Magistrate Judge Bissoon |
| MR. RUSTIC, Warden, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion to Dismiss filed by Defendant Rustin (misnamed "Rustic" in the caption) (Doc. 26) be granted.

### II. REPORT

Plaintiff Roderick Bailey has filed a complaint seeking damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, for injuries he sustained while being held as a federal detainee at the Allegheny County Jail ("Jail"). He sued the United States Marshals Service ("U. S. Marshals Service") and the warden of the Jail, Raymond Rustin. The U. S. Marshals Service has been granted summary judgment (Doc. 32). Defendant Rustin moves to dismiss (Doc. 26) arguing that the only appropriate party in an FTCA suit is the United States of America. Plaintiff was directed to respond on or before May 27, 2010 (Doc. 28) but he has failed to do so. Plaintiff submitted a "Proposed Amended Complaint" (Doc. 31) that does not change the allegations against Defendant Rustin.

A.   **<u>Legal Standard</u>**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008). The Court has a duty to read Plaintiff's *pro se* complaint liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Nonetheless, a complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

Also, if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004); <u>see</u> also <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103 (3d Cir. 2002).

B.   **<u>Analysis</u>**

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). Therefore, Plaintiff's claim made against the Defendant Rustin must be dismissed because he is not a proper party to this lawsuit.

Plaintiff's proposed amendment does nothing to cure the defect in his original complaint. Plaintiff seeks relief under the FTCA, and Defendant Rustin is not a proper party. No conceivable amendment can cure this defect.

## III. CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that Defendant Rustin's Motion to Dismiss (Doc. 26) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by August 25, 2010.

August 11, 2010          s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**Roderick F. Bailey**
08934-068
FCI Elkton
Post Office Box 10
Lisbon, OH 44432